IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID DILLON and TARA DILLON, his wife, individually and BRYNN DILLON and BRIELLE DILLON, minors, by their parents, | : : : : : | Civil Action No. 2:11-cv-01038 |
| Plaintiffs, | : : | |
| v. | : : | |
| ANTERO RESOURCES, a/k/a ANTERO RESOURCES APPALACHAIN [sic] CORP, a/k/a ANTERO RESOURCES APPALACIA [sic], LLC, | : : : : : | |
| Defendant. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Antero Resources Appalachian Corporation ("Antero"), incorrectly named as Antero Resources a/k/a Antero Resources Appalachain [sic] Corp a/k/a Antero Resources Appalacia [sic], LLC, in the above-captioned action, by its undersigned counsel, files this Answer and Affirmative Defenses to the Complaint of David Dillon and Tara Dillon, for themselves and on behalf of Brynn Dillon and Brielle Dillon (collectively "the Dillons").

**First Defense**

Antero answers each paragraph of the Dillons' Complaint as follows:

{B0557242.1}

1. After a reasonable investigation, Antero is without sufficient information to admit or deny the averments of paragraph 1, and, therefore, the averments are denied.

2. Denied as stated. Antero admits that Antero Resources Appalachian Corporation is a business corporation maintaining a place of business at 1625 17th Street, Denver, Colorado 80282. By way of further response, Antero is the entity that conducted operations in Washington County. With respect to the remaining averments in the Complaint, Antero responds only on behalf of Antero Resources Appalachian Corporation.

3. Paragraph 3 states a conclusion of law to which no response is required. To the extent a response is required, the averments of paragraph 3 are admitted.

4. Paragraph 4 states a conclusion of law to which no response is required. To the extent a response is required, the averments of paragraph 4 are denied because it cannot be determined what actions are referenced in paragraph 4.

5. Denied as stated. It is admitted only that Antero, which is not a public corporation, is engaged in activities relating to the exploration for and production of natural gas in Pennsylvania and West Virginia.

6. Denied as stated. It is admitted only that Antero is engaged in activities relating to the exploration for and production of natural gas in Pennsylvania and West Virginia.

7. It is admitted upon information and belief that David Dillon owns certain real estate in Washington Count. After a reasonable investigation, Antero is without

sufficient information to admit or deny the remaining averments of paragraph 7, and, therefore, the averments are denied.

8. Denied as stated. It is admitted only that Antero conducted activities relating to the drilling of natural gas wells located on an area known as the Hopkins Pad in early 2010. The averment regarding the distance of the Hopkins Pad to the Dillons' "well water supply" is denied because it is unclear what is meant by "well water supply."

9. Denied as stated. It is admitted only that Antero conducted activities relating to the drilling of natural gas wells that it owned and that were included in the Hill Unit located in West Pike Run Township, Washington County, Pennsylvania. It is denied that Antero conducted activities relating to the drilling of well 4H in the Hill Unit, and it is denied that Antero conducted activities "at all times mentioned herein" because it is unclear what times are intended by this averment. It is admitted upon information and belief that David Dillon owns certain real estate in Washington County. As to the averment regarding the Dillons' residence, after a reasonable investigation, Antero is without sufficient information to admit or deny the averment, and, therefore, the averment is denied.

10. It is admitted only that Antero used a hydraulic fracturing process at certain times in the development of certain wells in the Hill Unit. The remaining averments of paragraph 10 are denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied as stated. The averments of paragraph 14 are denied because it is unclear what is meant by "water supply."

15. It is denied that Antero engaged in any wrongful conduct. As to the remaining averments in paragraph 15, after a reasonable investigation, Antero is without sufficient information to admit or deny the averments, and, therefore, the averments are denied.

16. The averments of paragraph 16 state conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

17. Denied.

### Count I – Negligence
### Dillons v. Antero

18. Antero incorporates paragraphs 1 through 17 above as if fully set forth herein.

19. The averments of paragraph 19 and subparagraphs (a) through (ee) state conclusions of law to which no response is required. To the extent a response is required, the averments of paragraph 19 and subparagraphs (a) through (ee) are denied.

20. The averments of paragraph 20 state conclusions of law to which no response is required. To the extent a response is required, the averments of paragraph 20 are denied.

WHEREFORE, Antero demands judgment in its favor and against the Dillons, together with costs and such other relief as the Court deems just and proper.

### Count II – Ultrahazardous Activities – Absolute Liability
### Dillons v. Antero

21. Antero incorporates paragraphs 1 through 20 above as if fully set forth herein.

22. The averments of paragraph 22 state conclusions of law to which no response is required. To the extent a response is required, the averments of paragraph 22 are denied.

23. Denied.

24. The averments of paragraph 24 state conclusions of law to which no response is required. To the extent a response is required, the averments of paragraph 24 are denied.

WHEREFORE, Antero demands judgment in its favor and against the Dillons, together with costs and such other relief as the Court deems just and proper.

### Count III – Trespass
### Dillons v. Antero

25. Antero incorporates paragraphs 1 through 24 above as if fully set forth herein.

26. Denied.

27. Denied.

WHEREFORE, Antero demands judgment in its favor and against the Dillons, together with costs and such other relief as the Court deems just and proper.

## Count IV – Injunctive Relief
### Dillons v. Antero

28. Antero incorporates paragraphs 1 through 27 above as if fully set forth herein.

29. Denied.

30. The averments of paragraph 30 state conclusions of law to which no response is required. To the extent a response is required, the averments of paragraph 30 are denied.

31. The averments of paragraph 31 state conclusions of law to which no response is required. To the extent a response is required, it is admitted that the Dillons seek the relief listed in paragraph 31. It is denied that the Dillons are entitled to any such relief.

WHEREFORE, Antero demands judgment in its favor and against the Dillons, together with costs and such other relief as the Court deems just and proper.

### Second Defense

32. The Dillons fail to state a claim upon which relief may be granted.

### Third Defense

33. The Dillons' claims are barred by the doctrines of waiver and/or estoppel.

### Fourth Defense

34. The Dillons' claims are barred by the doctrine of unclean hands.

### Fifth Defense

35. The Dillons' claims are barred by their failure to mitigate any alleged damages.

### Sixth Defense

36. The Dillons' claims are barred by the doctrines of contributory negligence and/or comparative negligence.

### Seventh Defense

37. The Dillons' claims are barred by the Oil and Gas Lease between David E. Dillon and Antero dated March 13, 2009.

### Eighth Defense

38. The Dillons' claims are barred because Antero has complied with its obligations under applicable local, state and federal laws and regulations.

### Ninth Defense

39. The Dillons' alleged damages were caused by the acts or omissions of third parties or other events or causes other than Antero and for whom or for which Antero is not responsible.

### Tenth Defense

40. The Dillons' claims based on fear of future illness and/or medical monitoring fail to state claims upon which relief may be granted.

### Eleventh Defense

41. The Dillons are not entitled to punitive damages.

**Twelfth Defense**

42. The Dillons are not entitled to attorneys' fees.

**Thirteenth Defense**

43. Antero reserves the right to assert additional affirmative defenses that may become known to it through discovery or otherwise.

WHEREFORE, Antero demands judgment in its favor and against the Dillons, together with costs and such other relief as the Court deems just and proper.

Respectfully submitted,

Date: September 19, 2011

/s/ Christopher M. Buell
Kathy K. Condo (PA ID 34910)
Christopher M. Buell (PA ID 204068)
BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.
Two Gateway Center, Eighth Floor
Pittsburgh, Pennsylvania 15222
(412) 394-5400

James D. Thompson III (*pro hac vice*)
Robert M. Schick (*pro hac vice*)
VINSON & ELKINS L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
(713) 758-4502

Counsel for Defendant,
Antero Resources Appalachian Corporation,
incorrectly named as Antero Resources a/k/a
Antero Resources Appalachain [sic] Corp a/k/a
Antero Resources Appalacia [sic], LLC

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **Answer and Affirmative Defenses** was, this 19th day of September, 2011, served via the Court's ECF system upon the following:

Anne N. John, Esquire
96 East Main Street
Uniontown, PA 15401
**Counsel for the Plaintiffs**

BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.


 /s/  Christopher M. Buell